## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Settlement Agreement and General Release ("Agreement") dated February 23, 2016, by and between Timothy J. Lehane ("Lehane") (hereinafter referred to as "Plaintiff") Richard Hoshino ("Hoshino"), Baybrent Construction Corp. ("Baybrent Construction") and Baybrent Tile Corp. ("Baybrent Tile"), their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries (collectively "Defendants"),

WHEREAS, Plaintiff commenced a lawsuit against the Defendants which is pending in the United States District Court, Eastern District of New York, Docket No. 15-CV-4577 (ERK)(RER) (the "Federal Matter"), in which he has asserted various claims and avers he is entitled to, *inter alia*, alleged unpaid wages and unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York State Labor Law and other statutes; and,

WHEREAS, Defendants have denied they violated the aforementioned laws (and/or any other laws); asserted Plaintiff is not entitled to any additional wages, asserted Plaintiff was fully and properly paid for services he performed for Defendants, and otherwise vigorously defended against the Federal Matter; and,

WHEREAS, the parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense, or attorneys' fees; and,

WHEREAS, the terms of this Agreement were fully reviewed by Plaintiff and his attorneys and all parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and,

WHEREAS, the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion or duress;

NOW, THEREFORE in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. Any and all disputes Plaintiff has with Defendants are fully settled in accordance with the terms more fully set forth herein.

2. **Consideration.**
The parties for the good and sufficient consideration set forth below agree as follows:

   a. Except as provided in paragraph 2(b) hereinafter, the parties agree Plaintiff is not presently entitled to any pay, damages, monies, or benefits from Defendants

including, but not limited to, wages; compensatory damages; statutory damages; emotional distress damages; punitive damages; attorneys' fees; expenses; insurance benefits; employment or fringe benefits; benefits pursuant to purported membership in Local 282, International Brotherhood of Teamsters (hereinafter referred to as the "Union"), or any other union or trade organization; other medical benefits or medical insurance; commissions; bonuses; stock options; contributions or proceeds from any benefit plans, including such plans as prescribed by the Union; sick pay; holiday pay; vacation pay; severance payments; salary or consulting payments.

      b.    In consideration for Plaintiff's execution of this Agreement and Plaintiff's general release of any and all claims, including, but not limited to, all claims for money damages or claims of an equitable or other nature, attorneys' fees, costs or expenses, and in consideration of the parties' compliance with the promises made herein, Defendants agree to pay Plaintiff and his attorneys, by remitting to Plaintiff's attorneys the amounts as set forth in Exhibit "A" annexed hereto within the time period provided therein.

      c.    Plaintiff understands and agrees that he would not receive the monies specified in this Agreement except for his execution of this Agreement and his agreement to fulfill the promises described herein.

3. **General Release.**

      a.    In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby releases and forever discharges Defendants, their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortious or statutory which may heretofore have existed or which may now exist including, but not limited to (i) claims arising directly or indirectly from Plaintiff's employment with Defendants and the termination of that employment, including but not limited to any claim for benefits pursuant to Plaintiff's purported membership in the Union, or purported membership in any other union or trade organization; (ii) claims arising directly from the actions or inactions of Defendants; (iii) all allegations and causes of action in the Federal Matter; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including but not limited to claims arising under: the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*; Section 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*; the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§401 *et. seq.*; the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.*; as amended,

734051-1                                     2

the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 *et seq.*; the Occupational Safety and Health Act, 29 U.S.C. §§651 *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*; the Older Workers' Benefit Protection Act, as amended; the Internal Revenue Code; the New York State Labor Law §§ 1 *et seq.* and applicable regulations 12 NYCRR 142-2.2, 142-2.4 and 146-1.1 *et seq.*; the New York State Executive Law (including its Human Rights Law) §§290 *et seq.*; the Wage Theft Prevention Act; the New York Equal Pay Law; the New York Legal Activities Law; all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741, the New York Worker Health and Safety Act; any other federal, state or local human rights, civil rights, wage-hour, wage-payment, pension, labor, contract or tort laws; the common law including but not limited to defamation, breach of contract, conversion, unjust enrichment and/or quantum meruit; any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, wage, compensation, employment, labor or other local, state or federal law, regulation or ordinance; any benefit, payroll or other plan, policy or program; any public policy, contract and/or third-party beneficiary; and/or the aforementioned laws' rules and/or regulations, ordinances, or public policy, or any other federal any claim for costs, attorneys' fees, disbursements, liens or expenses or any other claim, based upon any conduct occurring from the beginning of the world to the date of this Agreement.

4. **Plaintiff's Representations and Covenants.**

   a. *Covenant Not to Sue:* Except as provided in Paragraph 4(i) herein, Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, in his own name, or accept any relief as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his association with Defendants. Plaintiff, individually, agrees to discontinue and withdraw any existing or pending proceedings or complaints brought in his own name, or in his place in whole or in part, against Defendants. In furtherance of this provision, Plaintiff's counsel will execute the FRCP 41(a)(2) Voluntary Dismissal With Prejudice attached hereto as Exhibit B. Any documents confirming the withdrawal, dismissal and/or closure of said proceedings and complaints must be sent by Plaintiff to the attorneys for Defendants pursuant to paragraph 9(b). In the event any administrative agency fails or refuses to close any proceeding or complaint filed by Plaintiff against Defendants notwithstanding Plaintiff's filing of said notice, Plaintiff agrees to take any and all steps reasonably necessary to bring about the final closure of such proceeding or complaint.

   b. *Sufficiency of Consideration:* Except as provided in Paragraph 4(i) herein, Plaintiff expressly understands and agrees the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any claim whatsoever and, without limiting the generality of the foregoing, Plaintiff expressly waives any right or claim that he may have or assert any additional claims against Defendants, or payment for back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, medical, dental, optical,

hospitalization or other fringe benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, benefits pursuant to Plaintiff's purported membership in the Union or purported membership in any other union or trade organization, education benefits, automobile usage benefits, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff further understands and agrees that the payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiff may have been entitled. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in Exhibit A are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act.

   c. Furthermore and as provided in Paragraph 4(i) herein, Plaintiff hereby covenants and agrees not to recover any monetary damages or equitable relief (civil, administrative or criminal), individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his employment with Defendants, including any claim to benefits or pension monies related to arising from his purported membership in the Union or any other union or trade organization, or his separation from employment with Defendants.

   d. *Non-Disparagement:* Except as provided in enumerated Paragraph 4(i) herein, the parties will not engage in any conduct that is injurious to the reputation and interests of each other including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing either party regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement. This provision covers statements and other communication made via the internet.

   e. *Cooperation:* Except as provided in Paragraph 4(i) herein, Plaintiff agrees that, in the event he is subpoenaed by any person or entity to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to any subject matter directly or indirectly relevant to the instant proceedings and settlement, he will give prompt and reasonable notice of such request (but no later than within three (3) business days of receipt of the request) to Defendants as set forth in Paragraph 9(b) of this Agreement and will make no disclosure (unless required by law) until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

   f. *Non-Disclosure:* Plaintiff agrees and represents he will not voluntarily disclose the contents of or produce to third parties "Defendants' Information" as defined in paragraph 4(g) below. Plaintiff further agrees he will not voluntarily disclose any files, documents, or other information in his possession, custody or control which pertain, refer or relate to Defendants, its affiliates, officers, directors, members, or employees, including documents which refer to Defendants' business, current or past employees, employee directories, training manuals, files, correspondence, notes, statements, tapes, logs, summaries, diaries, minutes, transcripts, or other documents relating to Plaintiff's claims, and all copies thereof, and that any material subject to this paragraph that is or has been stored in any form, including but not limited to, on a computer. In the event Plaintiff discloses any such files, documents or

734051-1                4

equipment, either voluntarily or involuntarily, Plaintiff shall provide written notice to Defendants in accordance with Paragraph 9(b) of this Agreement of the information, files, documents or equipment that were disclosed and the identity of the individual(s) to whom same was disclosed. Plaintiff further covenants that, to the extent not otherwise required by law, Plaintiff shall limit any disclosures concerning this litigation or its resolution made to any and all non-governmental entities or individuals including but not limited to the Union by averring only that the Compliant was withdrawn and or voluntarily dismissed and nothing further.

    g. *Return of Defendants' Information:* Plaintiff represents he has returned to Defendants and/or destroyed and/or deleted all "Defendants' Information," including, without limitation, keys and other items permitting access to any of Defendants' buildings, apartments or other structures, mailing lists, client lists, employee lists, Defendants' financial information, reports, contracts, memoranda, records and software, computers, file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Defendants' Information" as used in this Agreement includes but is not limited to: (a) information not generally known to the public and includes information about Defendants' businesses or Defendants' affiliates and other information concerning Defendants; (b) other financial or proprietary information, the use or disclosure of which might reasonably be construed to be contrary to the interests of Defendants or their affiliates; and (c) any other document, item or information Plaintiff removed from Defendants' place of business. Plaintiff agrees the damages caused by such an unauthorized disclosure or use of Defendants' information is not readily subject to calculation and Plaintiff therefore agrees Defendants shall be entitled to recover liquidated damages in the amount of ten thousand dollars and zero cents ($10,000.00) per breach of this paragraph.

    h. Plaintiff acknowledges and represents he is unaware if he is currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease caused by or in any way related to his employment with Defendants.

    i. Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although he is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf.

5. **No Admission.**

    a. This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights or claims whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves,

734051-1              5

their officers, employees, agents and/or assigns. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Federal Matter. Lastly, this Agreement does not act as an admission that Richard Hoshino is an employer, or that he employed Plaintiff in any way. Any reference to employment by Defendants is used only for point of reference and convenience of the reader.

   b. All parties acknowledge this matter as being settled to avoid further litigation and its concomitant expense.

  6. **Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to execute promptly a release, waiver and/or covenant that is legal and enforceable.

  7. **Injunctive and Other Relief.** The parties agree any breach of the promises contained in this Agreement may cause permanent and irreparable damage to Defendants for which a remedy at law will be inadequate. Consequently, Defendants shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to specific performance of this Agreement. This does not limit other relief to which Defendants might be entitled in the event of any breach or threatened breach of this Agreement including, but not limited to, an appropriate award of compensatory, punitive and/or liquidated damages, including those noted in paragraph 4(g). No bond or other security shall be posted by either party as a pre-condition to the issuance of an injunction.

  8. **Release Notification and Withdrawal.**

   a. Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel. Plaintiff acknowledges he did so; it is his choice to waive any potential claims in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with his attorneys. Plaintiff represents that he has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, including the opportunity to discuss them with his spouse, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

   b. Plaintiff must return this Agreement to Defendants with his original and notarized signature by February 25, 2016, a date in excess of twenty-one (21) days from its delivery to Plaintiff. Plaintiff acknowledges that he has been given at least twenty-one (21) days to consider this Agreement carefully, and Plaintiff fully understands and agrees to all of its terms. If the Agreement is not returned with Plaintiff's original and notarized signature to

734051-1        6

Defendants by said date, it will be null and void *ab initio* at Defendants' election and in their sole discretion.

   c. Plaintiff may revoke this Agreement within seven (7) days of Plaintiff's execution. This seven (7) day time period will begin to run the day after Plaintiff has executed this Agreement. If Plaintiff revokes the Agreement, it shall be rescinded in its entirety and Plaintiff will not receive the benefits set forth herein. Said revocation must be delivered, in writing, via facsimile, regular mail or federal express to Gerald C. Waters, Jr., Esq. Meltzer, Lippe, Goldstein, & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501; fax: (516) 237-2893, and received within seven (7) days of the execution of this Agreement. If Plaintiff does not revoke this Agreement, it shall become effective eight (8) days after Plaintiff has signed it. If the last day of the revocation period is a Saturday, Sunday or legal holiday in New York, then the revocation period shall not expire until the following day which is not a Saturday, Sunday, or legal holiday.

  9. **Miscellaneous.**

   a. Any inquiries regarding Plaintiff's employment will be directed, in writing only by facsimile or regular mail, to Dawn McGlone, Baybrent Construction Corp., 1637 Sycamore Avenue, Bohemia, New York 11716, fax: (631) 563-1764. Ms. McGlone, any successor employee in Ms. McGlone's title, or an individual appointed by Defendants, will respond to any such inquiry, in writing by facsimile or regular mail, with Plaintiff's dates of employment (on or about May 1, 2000 through on or about June 29, 2015) and position held (Driver) with Defendants.

   b. All notices or other communication provided for or permitted herein, other than as set forth in 8(c) and 9(a) above, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    i) *If to Plaintiff:*
     Saul D. Zabell, Esq.
     c/o Zabell & Associates, P.C.
     1 Corporate Drive, Suite 103
     Bohemia, New York 11716
     Fax: (631) 563-7475

      ii)    *If to Defendants*
Dawn McGlone
c/o Baybent Construction Corp.
1637 Sycamore Avenue
Bohemia, New York 11716
Fax: (631) 563-1764

with a copy to:

Gerald C. Waters, Jr., Esq.
c/o Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
Fax: (516) 237-2893

    c.    This Agreement and its annexed exhibits contain the entire understanding between the parties hereto concerning the subject matter hereof, supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies by this Agreement reserved to any party shall be cumulative and shall not be in limitation of any other right or remedy which such party may have at law, in equity, or otherwise.

    d.    Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

    e.    This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and/or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

    f.    This Agreement shall inure to the benefit of Defendants, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff and his heirs, executors and assigns.

    g.    This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York.

734051-1        8

   h. The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement. Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

   i. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

   THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement:

_____   **BAYBRENT CONSTRUCTION CORP.**
**Timothy J. Lehane**           **BAYBRENT TILE CORP.**

Date: 2/22/16            _____
                   By: Richard Hoshino

                   Title: President

                   Date: _____

_____
**Richard Hoshino**

Date: _____

STATE OF __NY__ )
                    )SS.:
COUNTY OF __Suffolk__ )

On __February 22__, 2016 before me personally came Timothy J. Lehane, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

SAUL D. ZARELL
Notary Public, State of New York
No. 02ZA5038081
Qualified in Suffolk County
Commission Expires January 5, 20__15__

_____
Notary Public

STATE OF _____ )
                         )SS.:
COUNTY OF _____ )

On _____, 2016 before me personally came Richard Hoshino, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, on behalf and as President of Baybrent Construction Corp. and Baybrent Tile Corp. and duly acknowledged to me that he is an officer of Baybrent Construction Corp. and Baybrent Tile Corp. and executed this Settlement Agreement and Release on behalf said entities.

_____
Notary Public

STATE OF _____ )
                         )SS.:
COUNTY OF _____ )

On _____, 2016 before me personally came Richard Hoshino, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

734051-1                              10

h.  The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement. Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

i.  Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement:

                                                                BAYBRENT CONSTRUCTION CORP.
                                                               BAYBRENT TILE CORP.

_____      *[signature: Richard Hoshino]*
Timothy J. Lehane                                 By: Richard Hoshino

Date: _____                                                  Title: President

                                                               Date: 2/23/16

*[signature: Richard Hoshino]*
Richard Hoshino
Date: 2/23/16

STATE OF _____ )
                          )SS.:
COUNTY OF _____ )

On _____, 2016 before me personally came Timothy J. Lehane, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

STATE OF  New York )
                   )SS.:
COUNTY OF Suffolk )

On February 23, 2016 before me personally came Richard Hoshino, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, on behalf and as President of Baybrent Construction Corp. and Baybrent Tile Corp. and duly acknowledged to me that he is an officer of Baybrent Construction Corp. and Baybrent Tile Corp. and executed this Settlement Agreement and Release on behalf said entities.

DAWN McGLONE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4895003
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES JULY 6, 2019

_Dawn McGlone_
Notary Public

STATE OF  New York )
                   )SS.:
COUNTY OF Suffolk )

On February 23, 2016 before me personally came Richard Hoshino, known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

DAWN McGLONE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4895003
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES JULY 6, 2019

_Dawn McGlone_
Notary Public

## EXHIBIT A

1. In exchange for the promises made by Plaintiff and Defendants in this Agreement, Defendants shall deliver to Plaintiff and Plaintiff's attorneys the total gross sum of Eighty-Five Thousand Dollars Zero Cents ($85,000.00) ("Settlement Sum") in accordance with this Agreement and this Exhibit A. Payment of the Settlement Sum shall be made within seven (7) calendar days of the following acts: (a) Plaintiff executing and providing two (2) originals and two (2) copies of the Agreement to Defendants' counsel; (b) Plaintiff's attorney executing and providing to Defendants' counsel an FRCP 41(a)(2) compliant document in the form attached hereto as Exhibit B; (c) Plaintiff declining to revoke the Agreement in accordance with paragraph 8 of the Agreement; (d) the expiration of the revocation period noted in paragraph 8 of the Agreement; and, (e) Plaintiff and his counsel providing Defendants' counsel executed W-9s. Payment of the Settlement Sum shall be made by three (3) checks as follows:

   i. One check payable to the order of Timothy J. Lehane in the gross amount of Thirty-Two Thousand Five Hundred Dollars Zero Cents ($30,000.00). The foregoing amount shall constitute back wages and is subject to applicable federal, state, municipal and social security taxes. Defendants will apply a tax rate for said back wages, and provide a W-2, based upon information contained in Plaintiff's most recent W-4 on file with Defendants;

   ii. One check payable to the order of Timothy J. Lehane in the gross amount of Thirty-Two Thousand Five Hundred Dollars Zero Cents ($30,000.00). The foregoing amount shall constitute liquidated damages subject to W-9 reporting and will not be subject to applicable federal, state, municipal and social security wages;

   iii. One check payable to "Zabell & Associates, P.C., as attorneys for Timothy J. Lehane" in the gross amount of Twenty Five Thousand Dollars Zero Cents ($25,000.00). The foregoing amount shall constitute attorneys' fees and be subject to W9 reporting; and,

The checks referenced in paragraph 1 (i)-(iii) shall be delivered to Zabell & Associates, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716, attn: Saul D. Zabell, Esq.

Plaintiff and his attorneys understand and agree they are responsible for making and/or paying all of their taxes relating to monies they receive under this Agreement, regardless of whether Plaintiff or Plaintiff's attorneys receive an IRS Form 1099 for monies they receive under this Agreement or an IRS Form 1099 is issued to Plaintiff or Plaintiff's attorneys for said monies; and

2. In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby releases and forever discharges Defendants, their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns, officers, directors, members, partners, trustees, employees,

734051-1

agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortious or statutory which may heretofore have existed or which may now exist including, but not limited to (i) claims arising directly or indirectly from Plaintiff's employment with Defendants and the termination of that employment, including but not limited to any claim for benefits pursuant to Plaintiff's purported membership in the Union, or purported membership in any other union or trade organization; (ii) claims arising directly from the actions or inactions of Defendants; (iii) all allegations and causes of action in the Federal Matter; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including but not limited to claims arising under: the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*; Section 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*; the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§401 *et. seq.*; the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.*; as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 *et seq.*; the Occupational Safety and Health Act, 29 U.S.C. §§651 *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*; the Older Workers' Benefit Protection Act, as amended; the Internal Revenue Code; the New York State Labor Law §§ 1 *et seq.* and applicable regulations 12 NYCRR 142-2.2, 142-2.4 and 146-1.1 *et seq.*; the New York State Executive Law (including its Human Rights Law) §§290 *et seq.*; the Wage Theft Prevention Act; the New York Equal Pay Law; the New York Legal Activities Law; all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741, the New York Worker Health and Safety Act; any other federal, state or local human rights, civil rights, wage-hour, wage-payment, pension, labor, contract or tort laws; the common law including but not limited to defamation, breach of contract, conversion, unjust enrichment and/or quantum meruit; any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, wage, compensation, employment, labor or other local, state or federal law, regulation or ordinance; any benefit, payroll or other plan, policy or program; any public policy, contract and/or third-party beneficiary; and/or the aforementioned laws' rules and/or regulations, ordinances, or public policy, or any other federal any claim for costs, attorneys' fees, disbursements, liens or expenses or any other claim, based upon any conduct occurring from the beginning of the world to the date of this Agreement.

_____
Timothy J. Lehane

734051-1

STATE OF __NY__ )
)SS.:
COUNTY OF __Suffolk__ )

On __Feb__ __22__, 2016 before me personally came Timothy J. Lehane, known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed same.

SAUL D. ZABELL
Notary Public, State of New York
No. 02ZA5068081
Qualified in Suffolk County
Commission Expires January 5, 20__18__

_____
Notary Public

734051-1

## EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIMOTHY J. LEHANE, individually and on behalf
of all other individuals similarly situated,

                Plaintiff,

    -against-

BAYBRENT TILE CORP., BAYBRENT
CONSTRUCTION CORP., and RICHARD
HOSHINO,

                Defendants.
-----------------------------------------------------------X

Index No. 15-CV-4577(ERK)(RER)

**FRCP 41(a)(2) Voluntary**
**Dismissal With Prejudice**

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure all claims of Timothy J. Lehane as stated in the within action shall be, and the same hereby are, dismissed in their entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party;

    IT IS FURTHER STIPULATED AND AGREED, that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Stipulation may be filed without further notice with the Court.

Dated: 2-22 , 2016

ZABELL & ASSOCIATES, P.C.

By: _____
    Saul D. Zabell, Esq.
*Attorneys for Plaintiff*
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242

Dated: 2/26 , 2016

MELTZER, LIPPE, GOLDSTEIN, &
BREITSTONE, LLP

By: _____
    Gerald C. Waters, Jr., Esq.
*Attorneys for Defendants*
190 Willis Avenue
Mineola, NY 11501
Tel: (516) 747-0300

So Ordered:

_____

734051-1